UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:15-CV-00163-FDW-DSC

| | |
|---|---|
| LEGACY DATA ACCESS, INC., a Georgia corporation, and DIANNE M. PETERS, a Georgia resident,<br><br>Plaintiffs,<br><br>v.<br><br>CADRILLION, LLC, a North Carolina limited liability company, LEGACY DATA ACCESS, LLC, a North Carolina limited liability company and JAMES YUHAS, a North Carolina resident,<br><br>Defendants. | **MOTION TO EXTEND TIME TO FILE AND SERVE RESPONSE BRIEF** |

Legacy Data Access, Inc., ("LDA GA"), and Dianne M. Peters ("Mrs. Peters") (jointly, "Plaintiffs"), respectfully move this Court pursuant to Fed .R. Civ. P. 6(b) (2015), W.D.N.C. LCvR. 7.1 (2015), the Initial Scheduling Order, and the Case Management Order for an extension of time to and including ten (10) days after this Court resolves Plaintiffs' Motion for Leave to Amend Complaint ("Motion to Amend") to file and serve, if necessary, their brief in response to the pending motions filed by James Yuhas ("Yuhas" or "Mr. Yuhas"). Plaintiffs state the following in support of this Motion:

1. Plaintiffs filed their original Complaint in this action on April 14, 2015, asserting claims against Cadrillion, LLC, ("Cadrillion"), Legacy Data Access, Inc. ("LDA NC"), and Mr. Yuhas (collectively, "Defendants") for (a) breach of contract concerning an Asset Purchase Agreement ("APA"); (b) conversion; (c) abuse of process; and (d) violation of N.C.G.S. § 75-1.1. [Doc. 1].

1

2. Mr. Yuhas filed and served his responsive pleading on May 21, 2015, [Doc. 7], including a "placeholder" motion to dismiss under Rule 12(b)(6). [Doc. 7, p. 1].

3. Cadrillion and LDA NC thereafter filed and served their responsive pleading on June 26, 2015, [Doc. 8], also including a "placeholder" motion dismiss under Rule 12(b)(6). [Doc. 8, p. 1].

4. On July 9, 2015, the parties' respective counsel participated in a Rule 26(f) conference that resulted in, *inter alia*, the following summary of this action:

> Generally, this case involves disputes related to: (1) an APA by which [LDA GA] sold certain assets to Cadrillion; and (2) Cadrillion's filing of a previous lawsuit in this Court against Plaintiffs. After the APA, [Mrs. Peters] became employed with [LGA NC]. Part of the APA's purchase price was to be calculated at a later date. The parties dispute the effect of [Mrs.] Peters' subsequent resignation from her employment, whether Cadrillion effectively exercised the APA's Call Option, and how to calculate the APA's Call Price. On February 13, 2015, Cadrillion filed a Complaint in this Court against Plaintiffs bearing Docket No.: 3:15-cv-73, regarding, inter alia, the Call Price and other obligations between the parties, and moved to deposit money it says it allegedly owed Plaintiffs with the Clerk, instead of paying Plaintiffs. Plaintiffs submitted a brief in opposition and Cadrillion dismissed the litigation. Plaintiffs contend, and Defendants deny, that Cadrillion's lawsuit was an attempt to prejudice Plaintiffs and an abuse of process. Plaintiffs now assert claims for breach of the APA, conversion related to the Call Price monies, abuse of process related to Cadrillion's prior lawsuit, and unfair trade practices. Defendants deny that Plaintiffs are entitled to relief and assert affirmative defenses.

[Doc. 14, p. 1] (alterations added).

5. The next day, July 10, 2015, Defendants filed and served a Motion to Dismiss, for Attorneys' Fees, and Request for Preliminary Hearing ("Dismissal/Fee Motion"), [Doc. 12], as well as a Brief in Support of Motion to Dismiss and for Attorneys' Fees ("Dismissal/Fee Brief") and related exhibits, [Docs. 13 – 13-3]. In sum, Defendants sought to dismiss all of Plaintiffs' claims and to recover attorneys' fees regarding Plaintiffs' claims for conversion, abuse of process, and violation of N.C.G.S. § 75-1.1. [Docs. 12 – 13].

2

6. On July 17, 2015, Plaintiffs filed and served an Amended Complaint that does the following, in pertinent part:

- Includes the letter Defendants sent to Plaintiffs on January 15, 2015, exercising the Call Option under the APA, [Doc. 17, p. 4(¶ 19); Doc. 17-3],

- Further details communications concerning the Call Option, including a February 13, 2015 communication whereby Plaintiffs' counsel told Defendants' counsel--before Cadrillion sued Plaintiffs in this Court--to tender a check to Plaintiffs' counsel for the undisputed portion of the Call Price/Deferred Purchase Price, [Doc. 17, pp. 6-7(¶¶ 31-35)],

- Removes LDA NC from the scope of the breach of contract claim, [Doc. 17, pp. 10-12(¶¶ 49-61), 15(¶ 1)], and

- Specifically alleges that the filing of the Motion to Deposit Funds with Clerk of Court and the Brief in Support of Motion to Deposit Funds with Clerk of Court in the first lawsuit in this Court constituted an abuse of process therein, [Doc. 17, p. 14(¶ 71)].

7. Plaintiffs timely filed the Amended Complaint as a matter of course in relation to Cadrillion and LDA NC on the 21st day after those entities served their responsive pleading. See, e.g., Fed. R. Civ. P. 15(a)(1)(B) (2015) (permitting a party to amend its pleading once as a matter of course within "21 days after service of a responsive pleading"); Villery v. District of Columbia, 277 F.R.D. 218, 219 (D.D.C. 2011) ("In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning … those defendants who, at the time the plaintiff files his amendment, have filed an answer or a Rule 12(b), (e), or (f) motion, but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment.") (ellipsis added); Crump v. Tcoombs & Assocs, LLC, No. 2:13-CV-707, 2014 U.S. Dist. LEXIS 133854, *14 (E.D. Va. Sept. 23, 2014) (applying such principle enunciated in Villery).

8. The Amended Complaint supersedes the original Complaint as to Cadrillion and LDA NC, thereby mooting the Dismissal/Fee Motion and Dismissal/Fee Brief as to them. See, e.g., Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule … is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.")

3

(ellipsis added); Bridgetree Holdings v. Roselli, No. 3:14-CV-00448-FDW-DSC, 2014 U.S. Dist. LEXIS 138705, *1-2 (W.D.N.C. Sept. 30, 2014) (Whitney, C.J.) ("It is well-established that an amended complaint supersedes the original pleading and renders moot any motions to dismiss made pursuant to the original pleading.").

9. Plaintiffs recognized they could not file the Amended Complaint as a matter of course vis-à-vis Mr. Yuhas, however, as he served his responsive pleading more than twenty-one (21) days before July 17, 2015. See, e.g., Villery, 277 F.R.D. at 219 (noting that a plaintiff "may not file his amendment as a matter of right concerning those defendants who filed an answer or a Rule 12(b), (e), or (f) motion more than 21 days before the plaintiff attempts to make such a filing").

10. Therefore, prior to filing the Amended Complaint, Plaintiffs' counsel consulted with Defendants' counsel regarding whether Mr. Yuhas would consent to such amended pleading being effective as to him.

11. The communications comprising such consultation on July 17, 2015, and continuing through today, July 23, 2015, are reflected in the email strings included as composite Exhibit 1 to the Motion to Amend.

12. In sum, Defendants' counsel definitively informed Plaintiffs' counsel today that Mr. Yuhas opposes (a) the Amended Complaint being made effective as to him; and (b) the extension of time requested herein.

13. Absent the extension of time requested herein, Plaintiffs' brief in response to the Dismissal/Fee Motion and the Dismissal/Fee Brief as to Mr. Yuhas must be filed and served on or before Monday, July 27, 2015.

14. Plaintiffs respectfully submit that the requested extension is warranted in the interest of judicial economy. Specifically, granting it will facilitate this Court's consideration of all

arguments concerning dismissal and attorneys' fees in one round of briefing, rather than two (i.e., one round concerning Mr. Yuhas, then another concerning Cadrillion and LDA NC).

15. Accordingly, good cause exists for this Court to grant the requested extension.

**WHEREFORE**, Plaintiffs respectfully ask this Court to grant them an extension of time to and including ten (10) days after it resolves their Motion to Amend to file and serve, if necessary, their brief in response to the Dismissal/Fee Motion and the Dismissal/Fee Brief in relation to Mr. Yuhas.

This the 23rd day of July, 2015.

        **JAMES, McELROY & DIEHL, P.A.**

        s/ John R. Buric
John R. Buric, N.C. State Bar No. 22688
jburic@jmdlaw.com
John R. Brickley, N.C. State Bar No. 41126
jbrickley@jmdlaw.com
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing **MOTION TO EXTEND TIME TO FILE AND SERVE RESPONSE BRIEF** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Defendants' counsel of record as follows:

    G. Kirkland Hardymon – khardymon@rcdlaw.net
    William S. Smoak, Jr. – wsmoak@rcdlaw.net
    Benjamin E. Shook – bshook@rcdlaw.net

This the 23rd day of July, 2015.

**JAMES, McELROY & DIEHL, P.A.**

    s/ John R. Buric
John R. Buric, N.C. State Bar No. 22688
jburic@jmdlaw.com
John R. Brickley, N.C. State Bar No. 41126
jbrickley@jmdlaw.com
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Counsel for Plaintiffs*