UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-cv-163-FDW-DCK

| | |
|---|---|
| LEGACY DATA ACCESS, INC., and DIANE M. PETERS,<br><br>　　Plaintiffs,<br><br>vs.<br><br>CADRILLION, LLC, LEGACY DATA ACCESS, LLC, and JAMES YUHAS,<br><br>　　Defendants. | ORDER |

THIS MATTER is before the Court on Defendants' and Plaintiffs' cross motions in limine regarding the pleadings from the "First Litigation" (See 3:15-cv-73) between the parties. (Doc. Nos. 61 and 63). Defendant moves the Court in limine to exclude from evidence the pleadings filed in the First Litigation. For the reasons explained below, Defendants' First Motion in Limine (Doc. No. 61) is **DENIED**. All filings from the First Litigation shall be admissible at trial of the instant case subject to the Federal Rules of Evidence.

## I.　　BACKGROUND

This is a diversity breach of contract case. Plaintiffs also assert several tortious causes of action attendant to the alleged breach, specifically: (1) Conversion; (2) Unfair and Deceptive Trade Practices; and (3) Abuse of Process. Defendants contend that no breach, and thereby no tortious conduct, occurred. The crux of this case rests upon the disputed facts of whether an enforceable contract existed between the parties and, if so, whether Defendants exercised a Call Option contained in the purported contract (the "Asset Purchase Agreement" or "APA").

1

Importantly for the issue now before the Court, this is not the first civil action between the parties arising from the facts of this case. On February 13, 2015, Defendant Cadrillion filed a declaratory action in this district (the "First Litigation"). See 3:15-cv-73. In the First Litigation, Cadrillion specified four extant disputes—none of which included the enforceability of the contract or whether Cadrillion had exercised the Call Option. (Doc. No. 13-1). Specifically, Cadrillion alleged: (1) to exercise the Call, Cadrillion was to deliver written notice to Legacy Data Access, Inc. ("LDA-GA") during the Option Period; (2) once exercised, LDA-GA became obligated to sell all of its vested rights to the Deferred Purchase Price to Cadrillion at the Call Price; (3) Cadrillion exercised the Call Option by delivering the Notice Letter; and (4) Cadrillion was required to deliver the Call Price within 30 days after the expiration of the Option period. Id.

Cadrillion then attempted to deposit with the Court, pursuant to Fed.R.Civ.P. 67, $460,406.00 that Cadrillion claimed to be the "absolute maximum value of the Call Price (if any) . . ." (Doc. No. 27-2, p. 9). Cadrillion's unverified Complaint in the First Litigation further stated that, by depositing the funds with the Clerk, Cadrillion "hereby tenders and delivers the Call Price in accordance with and in satisfaction of the requirements of the APA." (Doc. No. 27-1, ¶ 17). After Plaintiffs filed their opposition to Cadrillion's Fed.R.Civ.P. 67 Motion but before the Court ruled, Cadrillion voluntarily dismissed the First Litigation. (3:15-cv-73, Doc. No. 16). No funds were deposited with the Court in the First Litigation.

Defendants now move the Court in limine to exclude the pleadings in the First Litigation from evidence in the instant case. Conversely, Plaintiffs seek an Order of admissibility for the same. In support of their position, Defendants argue that the voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(1) of the First Litigation effectively renders that action, and any pleadings to it, a nullity. (Doc. No. 62, pp. 1-2). Alternatively, Defendants contend that the prior

pleadings are merely inconsistent pleadings under Fed.R.Civ.P. 8(d)(3) and should not be permitted as evidence against other inconsistent claims. Id. at 3-4. Last, Defendants argue that voluntarily dismissed or inconsistent pleadings are irrelevant under Fed.R.Ev. 401 and inadmissible under Fed.R.Ev. 403. Id. at 5.

## II. DISCUSSION

The Court finds Defendants' arguments unavailing. First, Defendants' arguments relating to Fed.R.Civ.P. 41(a)(1) go to the weight, not the admissibility, of the First Litigation's pleadings. Defendants cite no authority for the contention that pleadings filed in cases that are subsequently dismissed without prejudice are inadmissible in later proceedings. Without authority to the contrary, the Court is unpersuaded that a party's statement is automatically rendered inadmissible simply because it was made in connection with litigation that was subsequently dismissed without prejudice.

Defendants also argue that the First Litigation pleadings should be "viewed in light of [Fed.R.Civ.P.] 8(d)(3) and construed as nothing more than inconsistent pleadings." (Doc. No. 62, p. 3). This argument fails. Fed.R.Civ.P. 8(d)(3) contemplates that inconsistent pleadings be proffered in the same case. See Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1149 (9th Cir. 2007); Rodriguez-Suris v. Montesinos, 123 F.3d 10, 20 (1st Cir. 1997). For example, in negligence cases defendants can, and frequently do, argue that they were not negligent or, alternatively, that even if they were negligent, they are not liable because the plaintiff was contributorily negligent. However, that is not the situation before the Court.

Defendants have not, in either the prior or instant litigation, asserted inconsistent or alternative pleadings in the same action. More importantly, in the above negligence hypothetical, the alternative or inconsistent pleadings provide two different routes (non-negligence and an

affirmative defense) to the same end (no liability). In the instant case, Defendants' purportedly inconsistent pleadings are two different routes (exercise and non-exercise) to two different ends (breach and no breach). Accordingly, the Court finds that Fed.R.Civ.P. 8(d)(3) is not applicable on these facts.

Last, the Court finds that Defendants' prior pleadings are not barred by Fed.R.Ev. 403. It is well settled that a lawyer's statements may constitute an admission of his client. Fraternal Order of Police Lodge No. 89 v. Prince George's Cnty., Md., 608 F.3d 183, 190 (4th Cir. 2010). Admissions are not hearsay when offered into evidence by a party opponent. Fed.R.Ev. 801. The pleadings from the First Litigation are clearly relevant under Fed.R.Ev. 401 to the present dispute as they are highly probative of two facts critical to the resolution of this dispute: (1) interpretation of the APA and (2) the presence or absence of bad faith necessary to a finding of tort liability. Defendants argue that admission of their prior pleadings would be prejudicial to their position in the instant case. This is, most likely, true. However, any resulting prejudice cannot, at a minimum, be said to substantially outweigh the probative value of the evidence.

### III. ORDER

IT IS, THEREFORE, ORDERED that Defendants' First Motion in Limine (Doc. No. 61) is **DENIED**. The pleadings from the First Litigation shall be admissible subject to the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Signed: April 27, 2016

Frank D. Whitney
Chief United States District Judge