UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-cv-163-FDW-DCK

| | | |
|---|---|---|
| LEGACY DATA ACCESS, INC., and DIANE M. PETERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| CADRILLION, LLC, LEGACY DATA ACCESS, LLC, and JAMES YUHAS, | ) ) ) | |
| Defendants. | ) ) ) | |

THIS MATTER is before the Court upon review of the parties' supplemental briefs addressing the issue of whether the "in or affecting commerce" element of North Carolina's Unfair and Deceptive Trade Practices claim is a question of law or fact. (Doc. Nos. 78, 79).

The Court concludes that North Carolina substantive law permits the Court to find that conduct was "in commerce" or "affected commerce" as a matter of law if sufficient facts are admitted or stipulated by the offending party. See Hardy v. Toler, 218 S.E.2d 342, 346-47 (N.C. 1975). Without the necessary admissions or stipulations, it is for the jury to find the facts upon which the Court bases its determination of whether the defendant engaged in unfair or deceptive trade practices. Id. Accordingly, it was appropriate to submit to the jury the issue of whether Defendants' acts were "in or affecting commerce." See Songwooyarn Trading Co., Ltd. v. Sox Eleven, Inc., 714 S.E.2d 162, 167 n.4 (N.C. App. 2011); Mapp v. Toyota World, Inc., 344 S.E.2d 297, 300 (N.C. App. 1986). The jury found that they were not. The jury's finding that Defendants' acts were not "in or affecting commerce" has a legally sufficient basis and is, therefore, a conclusion that a reasonable trier of fact could reach.

1

IT IS, THEREFORE, ORDERED that Plaintiffs are not entitled to Relief under Fed.R.Civ.P. 50(a) on the jury's finding that Defendants' conduct was not in or affecting commerce.

IT IS FURTHER ORDERED that Plaintiffs shall notify the Court of their intention to either pursue or not pursue punitive damages in this matter by filing notice on the docket within seven (7) days from the date of this Order.

IT IS FURTHER ORDERED that, in the event Plaintiffs elect to pursue punitive damages, Defendants shall have seven (7) days from Plaintiff's filing in which to respond to that filing.

**IT IS SO ORDERED.**

Signed: June 2, 2016

Frank D. Whitney
Chief United States District Judge