UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-0163-FDW-DCK

| | |
|---|---|
| LEGACY DATA ACCESS, INC. and DIANE M. PETERS, <br><br>Plaintiffs, <br><br>vs. <br><br>CADRILLION, LLC, et al., <br><br>Defendants. | ORDER |

THIS MATTER is before the Court on Defendants Cadrillion, LLC and James Yuhas's Motion for Stay (Doc. No. 133) of Proceeding to Enforce a Judgment pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. After a careful review, the Court DENIES the Motion.

To determine whether a discretionary stay without supersedeas bond is warranted, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). When applying the factors, the applicant bears the burden of persuasion, Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970), and a court must be mindful of Rule 62's purpose: "to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979).

Defendants claim the fourth factor is irrelevant; therefore, the Court will only address the first three factors which all weigh in favor of denying the requested stay. This Court has rejected

all of Defendants' arguments with respect to the first factor and declines to reiterate those rulings here. (Doc. No. 106). Accordingly, the first factor does not weigh in favor of Defendants. As for the second factor, Defendants proposed alternative—100% membership interest in a limited liability company with a claimed value of $16,660,000.00—is not evidence of irreparable injury to Defendants. If anything, Defendants are more than capable of satisfying the supersedeas bond.

Defendants also argue Plaintiffs will suffer no substantial injury if the Court approves the alternative bond, but Defendants have failed to show that this alternative is likely to maintain its value during the pendency of the appeal. Specifically, Defendants propose that if the value of the alternative bond decreases, it will be Plaintiffs' responsibility to prove the diminished value by submitting "a sufficient financial analysis." (Doc. No. 134). By placing the onus on Plaintiff, this alternative runs contrary to Rule 62's purpose to protect a non-appealing party's rights and presents a risk of substantial injury to Plaintiff.

Even if the factors weighed in favor of Defendants, the Court must still confine a discretionary stay without supersedeas bond to the limited circumstances where the judgment debtor could easily satisfy the judgment, and where the posting of a full bond would negatively impact the judgment debtor's present financial condition. <u>ABT, Inc. v. Jusczyk et al.</u>, No. 5:09-CV-119-RLV, 2012 WL 117142 *2 (W.D.N.C. Jan. 13, 2012). Defendants can easily satisfy the judgment; however, Defendants' proposed alternative coupled with Defendants' statement that "Cadrillion has more than sufficient resources to easily satisfy the judgment" (Doc. No. 134) fails to show how posting a full bond would negatively impact Defendants' present financial condition.

Accordingly, Defendants' Motion for Stay (Doc. No. 133) is DENIED.

Signed: August 29, 2017

Frank D. Whitney
Chief United States District Judge